## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN LEE AUTERY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-4015** |
| | : | |
| **CLASSIFICATION OFC. MIKE** | : | |
| **MOORE**, *et al.*, | : | |
| **Defendants.** | : | |

### ORDER

AND NOW, this 7th day of March, 2023, upon consideration of Plaintiff Jonathan Lee Autery's *pro se* Second Amended Complaint (ECF No. 7) and supplemental filing (ECF No. 8), it is **ORDERED** that:

1.      The Second Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum as follows:

      a.      All claims against the George W. Hill Correctional Facility are **DISMISSED WITH PREJUDICE**.  The Clerk of the Court shall **TERMINATE** the George W. Hill Correctional Facility as a Defendant in this case.

      b.      The balance of the claims are **DISMISSED WITHOUT PREJUDICE**.

2.      Autery may file a third amended complaint within thirty (30) days of the date of this Order.  Any third amended complaint must identify all defendants in the caption of the third amended complaint in addition to identifying them in the body of the third amended complaint and shall state the basis for Autery's claims against each defendant.  **The third amended complaint shall be a complete document that does not rely on the initial Complaint, the Amendment, the Second Amended Complaint, or other papers filed in this case to state a**

**claim**.  This means that Autery must include all factual allegations and all claims he seeks to bring in the third amended complaint; claims, defendants and allegations that are not included in the third amended complaint will not be considered by the Court.  When drafting his third amended complaint, Autery should be mindful of the Court's reasons for dismissing the claims in his Second Amended Complaint as explained in the Court's Memorandum.  Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3.      The Clerk of Court is **DIRECTED** to send Autery (1) a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number; and (2) a copy of the following pleadings:  his Complaint (ECF No 2); his Amendment (ECF No. 5); and his Second Amended Complaint and supplemental filing (ECF Nos. 7, 8).  Autery may use the form complaint to file his third amended complaint if he chooses to do so.[1]

4.      If Autery does not wish to file a third amended complaint and instead intends to stand on his Second Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Second Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.      If Autery fails to file any response to this Order, the Court will conclude that Autery intends to stand on his Second Amended Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                        **BY THE COURT:**


                                        **/s/ Jeffrey L. Schmehl**
                                        **JEFFREY L. SCHMEHL, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).